IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD K. FRAME | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4-06CV-721-Y |
| | § | |
| BOSTON MARKET | § | |
| CORPORATION and SYSTEM | § | |
| CAPITAL REAL PROPERTY | § | |
| CORPORATION | § | |
|     Defendants | § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, BOSTON MARKET CORPORATION and SYSTEM CAPITAL REAL PROPERTY CORPORATION, by and through their undersigned attorneys, hereby serve and file their Answer and Affirmative Defenses to Plaintiff's Complaint, and state as follows:

### JURISDICTION

1.    Plaintiff is an individual with a disability. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* This Complaint seeks redress for past and continuing discrimination against persons with disabilities. This discrimination is occurring on property located in Arlington, Texas, which is owned and operated by, Boston Market Corporation and System Capital Real Property Corporation (hereinafter, the "Defendants").

**ANSWER:**

**Defendants admit that Plaintiff has sought relief under the cited statute, but deny that he is entitled to any relief sought in the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is an individual with a disability. Defendants deny the allegations of**

Paragraph 1 except as expressly admitted herein.

2.      Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants at this property.

**ANSWER:**

**Defendants admit that Plaintiff has sought relief under the cited statute, but deny that he is entitled to any relief sought in the Complaint. Defendants deny the allegations of Paragraph 2 except as expressly admitted herein.**

3.      Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

**ANSWER:**

**Defendants admit that Plaintiff has sought relief under the cited statute, but deny that he is entitled to any relief sought in the Complaint.**

4.      This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188.

**ANSWER:**

**Defendants admit that Plaintiff has invoked the court's jurisdiction under the cited statutes, but deny that he is entitled to any relief sought in the Complaint.**

5.      Plaintiff Richard K. Frame ("Mr. Frame") is an individual with a disability within the meaning of the ADA Sec.3(2)(A), 42 U.S.C. 12102(2)(A), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4). He is unable to walk as the result of a spinal cord injury and must use a wheelchair for mobility.

**ANSWER:**

**Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, therefore they are denied.**

6.      Defendant, Boston Market Corporation (hereinafter "Boston, Corp.") is a Delaware for profit corporation. Its registered agent for service of process listed with the Secretary of State is, Corporation Service Company located at 701 Brazos Street, Austin, Texas 78701.

**ANSWER:**

**Admitted.**

7.      Defendant, System Capital Real Property Corporation (hereinafter "System Capital") is a Delaware for profit corporation. Its registered agent for service of process listed with the Secretary of State is CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER:**

**Admitted.**

8.      The property is a Boston Market restaurant (the "Business") and is located as a stand alone business. It is located generally at 4402 Little Road in Arlington, Texas and more particularly described in Tarrant County records as Southwest Plaza Addition Blk 6 Lot 3 (the "Property"). The Property has a total value listed in the Tarrant County Appraisal District of no less than $500,000.00. System Capital has owned the Property for at least 6 years.

**ANSWER:**

**Admitted as to the location and ownership of the Business. Defendants are without knowledge of the remaining allegations, therefore they are denied.**

9. System Capital owns and/or operates the Property where the Business is located and presumably either owns and/or operates the Business or "leases to" the Business.

**ANSWER:**

**Admitted that Defendant System Capital owns the subject property which is leased and operated by Defendant Boston Market.**

10. More than 10 years ago Congress determined that disabled people, such as Plaintiffs, were being discriminated against by businesses, such as Defendants. Specifically Congress found the following:

(a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal resource to redress such discrimination;

4

(e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualifications standards and criteria, segregation and relegation to lesses services, programs, activities, benefits, jobs, or other opportunities;

(f) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy and inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(g) individuals with disabilities are a discrete and insular minority who have been faced with restrictions and limitations, subjected to as history of purposeful unequal treatment, and relegated to a position of political powerlessness in our society, based on characteristics that are beyond the control of such individuals and resulting from stereotypic assumptions not truly indicative of the individual ability of such individuals to participate in, and contribute to, society;

(h) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(i) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. "42 U.S.C. Sec. 12101(a)

**ANSWER:**

**Defendants admit that the statute speaks for itself.**

11.     As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq.*  That act forms a basis for this action. The ADA was designed to do several things, specifically:

(a)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(c)     to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

(d)     to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. "42 U.S.C. 12101(b).

**ANSWER:**

**Defendants admit that the statute speaks for itself.**

12.     Mr. Frame has been to the Property on more than one occasion in the past year. Mr. Frame uses an electronic wheelchair that operates with his tongue.  Each time he goes to the Property he encounters numerous access problems.  The parking slopes are to great, the access from the parking access aisle is wrong, the path from the parking to the front door has improper cross slopes, and the access into the front door is wrong.

**ANSWER:**

**Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 12, therefore those allegations are denied. The remaining allegations of this paragraph are also denied.**

13.     In investigating this case before filing this suit the Property was reviewed by the counsel preparing this Complaint.

**ANSWER:**

**Defendants are without knowledge of information sufficient to form a belief as to the truth of these allegations, therefore they are denied.**

14.     A complete evaluation of the Property has not been done, but will be requested and completed once discovery has begun. A <u>non-exhaustive list of violations </u>found by Plaintiff's Counsel when he went to the Property prior to filing suit to comply with the Rule 11 requirements and to hereby provide the Defendant with notice of the defects found at the Property includes the following:

(a)     There is not a single accessible route to the entrance of the Business from any public street or sidewalk. The law requires that there be an accessible route to *each* of the Businesses from public streets or sidewalks.

(b)     There is no accessible parking because it is too sloped, and it is not the closest available.

(c)     The accessible route from the access aisle has cross slopes and running slopes greater than allowed under the ADAAG.

(d)     The area in front of the door does not comply with the requirements for access.

7

**ANSWER:**

**Denied.**

15. It is obvious from the above that the Property has not been brought into compliance with the ADA over the past 15 years since the legislation was enacted, and since the Defendants have owned and/or operated the Property.

**ANSWER:**

**Denied.**

16. Upon each visit Mr. Frame will encounter some of the above listed architectural barriers at the Property. Despite those barriers he will continue to try to use the Property.

**ANSWER:**

**Denied.**

17. The barriers located on the Property discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located ont eh Property.

**ANSWER:**

**Denied.**

18. As a result of the Defendants' conduct and in order to pursue this matter Plaintiff has retained an attorney with 17 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. Mr. Frame's counsel is extremely familiar with this type of litigation. The Plaintiff has agreed to pay this attorney, whose name appears on this Complaint, a reasonable fee. Pursuant to his statutory rights, Mr. Frame will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

**ANSWER:**

**Defendants deny that they caused Plaintiff to retain counsel. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore they are denied.**

19. The law requires that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases, (or leases to), or operates a place of public accommodation*". 42 U.S.C. §12182(a) (italics added).

**ANSWER:**

**Defendants admit that the statute speaks for itself.**

20. A facility means all or *any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

**ANSWER:**

**Defendants admit that the statute speaks for itself.**

21. The property and is therefore a facility with public accommodations on it.

**ANSWER:**

**Admitted.**

22. The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable.

>Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include—
>
>>(1)     The nature and cost of the action needed under this part;
>>
>>(2)     The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;
>>
>>(3)     The geographic separateness, and the administrative of fiscal relationship of the site or sites in question to any parent corporation or entity;
>>
>>(4)     If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and
>>
>>(5)     If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity. 28 CFR part 36.104 Definitions.

**ANSWER:**

**Defendants admit that the statute speaks for itself.**

23.     The Defendants, like the owners or operators of all public accommodations, have been under this obligation since it opened.  Each year the Property has been open the Defendants could have removed some, one, or more of the barriers set out earlier in the "Facts" portion of this Complaint, or other barriers at the Property.

**ANSWER:**

**Defendants admit to having certain legal obligations, but deny that they have failed to fulfill them. Defendants deny the allegations of Paragraph 23 except as expressly admitted herein.**

24. The Justice Department has set out the priorities for barrier removal. Specifically the Justice Department has determined as follows:

(c) Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.

(1) First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.

(2) Second, a public accommodation should take measure to provide access to those areas of a place of public accommodation where goods and services are made available to the public. These measures include for example, adjusting the layout of display racks, rearranging tables, providing Brailed and raised character signage, widening doors, providing visual alarms, and installing ramps.

(3) Third, a public accommodation should take measure to provide access to restroom facilities. These measures include, for example, removal of obstructing furniture or vending machines, widening of doors, installation of ramps, providing accessible signage, widening of toilets stalls, and installations of grab bars.

(4) Fourth, a public accommodation should take any other measures necessary to provide access to the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodations. 28 CFR part 36.304(c).

**ANSWER:**

**Defendants admit that the statute speaks for itself.**

25. The barriers that exist at the Property include no accessible parking, no accessible route from parking to the front door, and no accessible route from public sidewalks to the front door. The Defendants have failed to remove the barriers from the Property made the top priority under the law.

**ANSWER:**

**Denied.**

26. The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Defendant do not afford to Plaintiff or any other mobility impaired individual the full and equal use and enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Property as required by law because the Defendant have failed to remove those barriers where the removal was readily achievable.

**ANSWER:**

**Denied.**

27. The Defendants need do nothing more than simply go review the Property with a digital level, a measuring tape and a copy of the ADAAG to see that the Property does not comply with the ADAAG requirements with regards to the items previously set out in the

"Facts" section of this Complaint.

**ANSWER:**

**Denied.**

28. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Business, the Defendants deprive the Plaintiff of his civil liberties and have thereby discriminated against him.

**ANSWER:**

**Denied.**

29. Upon information and belief some of the modifications and alterations that exist at the Property were installed after the ADA guidelines went into effect. As such the law requires that they have been built in compliance with the ADAAG standards. They were not.

(a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

(2) An alteration is deemed to be undertaken after January 26, 1992, if The physical alteration of the property begins after that date.

(b) Alteration. For the purposes of this part, an alteration is a change a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof. 28 C.F.R. 36.402

**ANSWER:**

**Defendants admit that the statute speaks for itself. Defendants deny the allegations of Paragraph 29 except as expressly admitted.**

30.     Clearly, features designed to allow access into the Business "affect or could affect the usability of the building or facility  or any part thereof."  Curb ramps, parking spaces and accessible routes affect the usability of the Property.  Plaintiff believes that the accessible parking and the curb cuts and ramps connecting that parking to the front door were designed after the requirements of the ADA went into effect and are therefore modifications which must comply.  Those modifications do not comply with the law.  Plaintiff believes that there are probably other non-compliant modifications at the Property and after a chance to review the Property and do discovery, will amend or notify the Defendants of those specific problems.

**ANSWER:**

**Denied.**

31.     The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Defendant do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, ad accommodations available at the Property as required by law because it has failed to ensure that the alterations made after January 26, 1992 are accessible to the maximum extend feasible.

**ANSWER:**

**Denied.**

32.     As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Business, the Defendants have deprived Plaintiff of his civil liberties and thereby discriminated against him.

**ANSWER:**

**Denied.**

**WHEREFORE**, DEFENDANTS respectfully request judgment in their favor, that DEFENDANTS be awarded their attorneys' fees and costs, and that the Court grant any such other relief as deemed appropriate.

## DEFENSES AND AFFIRMATIVE DEFENSES

As and for their Defenses and Affirmative Defenses, Defendants state as follows:

1. Defendants reserve the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery of this matter.

2. Plaintiff's claims are barred by estoppel as Plaintiff has failed to take reasonable measures to learn of or use the accessible facilities at the Restaurant at issue in this Lawsuit. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to any part of the Restaurant at issue in this Lawsuit prior to filing this Lawsuit.

3. Plaintiff lacks standing to the extent that he complains of any alleged barrier that does not affect the access available to Plaintiff.

4. Plaintiff is not entitled to an injunction because he has failed to show a real and immediate threat of future harm.

5. The changes or renovations requested by Plaintiff are not "readily achievable" as that term is defined in Title III of the Americans with Disabilities Act.  42 U.S.C. § 12182(b)(2)(a)(iv).

6. The areas of the Restaurant complained of by Plaintiff have not been "altered" as that term is defined in Title III of the Americans with Disabilities Act.  42 U.S.C. § 12182(b)(2)(a)(iv).

7. The Complaint is deficient because it fails to state a cause of action on which relief may be granted and therefore must be dismissed.

8. The modifications sought by Plaintiff are not reasonable or necessary to afford goods, services, facilities, privileges, advantages or accommodations to Plaintiff.

9. Any auxiliary aids and services sought by Plaintiff are not necessary to ensure that Plaintiff is not excluded, denied services, segregated, or treated differently than other individuals.

10. The modifications sought by Plaintiff would fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations being offered.

11. The removal of barriers sought by Plaintiff are not readily achievable nor are alternative methods readily achievable, or easily accomplishable and able to be carried out without much difficulty or expense, as defined in 42 U.S.C. § 12181(9).

12. Defendants are utilizing such alternative methods to removal of barriers where such alternative methods are readily achievable.

13. Certain modifications sought by Plaintiff would result in violations of federal, state or local law.

**Dated this 4th day of December, 2006.**

Respectfully submitted,

S/ Jamshyd (Jim) M. Zadeh
Jamshyd (Jim) M. Zadeh
Bar No. 22239000
Law Office of Jim Zadeh, P.C.
115 West Second Street, Suite 201
Forth Worth, Texas 76102
Telephone No: (817)-335-5100
Fax No: (817)-335-3974
Email: jim@zadehfirm.com

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served by electronic filing and a copy sent via U.S. Mail to: Palmer D. Bailey, Esq., 14221 Dallas Parkway, 14th Floor, Dallas, Texas 75254 on this 4th day of December, 2006.

S/ Jamshyd (Jim) M. Zadeh_____<br>Jamshyd (Jim) M. Zadeh